STATE, RESPONDENT, *v.* OSNES, APPELLANT.

[Submitted July 5, 1894.  Decided July 9, 1894.]

JURY—*Selection.*—Failure of the clerk of the district court to act as one of the five jury commissioners provided for by the act of March 14, 1889 (16th Sess. Laws, 166), does not render the selection of a jury illegal, since under section 12 of said act a majority of such commissioners may discharge the duties required by the statute.

NEW TRIAL—*Remarks of judge during trial—Fining defendant.*—Where the court provoked by the obstinacy of the defendant upon a trial for murder fined him with some display of temper for refusing to answer a proper question on cross-examination, but afterwards, when the defendant answered the question upon advice of his counsel, remitted the fine and admonished the jury not to permit themselves to be prejudiced thereby, such occurrence is not sufficient to authorize a new trial upon the ground that the court abused its discretion to the prejudice and injury of the defendant.

HOMICIDE—*Admonition to jury—Oral instructions.*—An admonition by the court to the jury in a murder trial not to permit themselves to be prejudiced against the defendant by a certain occurrence during the trial, but to determine the question of guilt or innocence solely from the evidence, is not an instruction, as to the giving of which orally error could be assigned.

SAME—*Evidence.*—On a trial for murder, testimony by a witness that she knew the defendant, and that he came to her house four or five days before the murder with men whom defendant wanted her to assist in robbing, telling her they were lately from Norway, is admissible in rebuttal where the defendant had denied being at her house at that time with the deceased, and had testified that the only time he was at her house during the month with two men was early in the month, while the killing occurred on the last day of the month.

*Appeal from Tenth Judicial District, Choteau County.*

CONVICTION for murder in the first degree.    The defendant was tried before DU BOSE, J.    Affirmed.

*T. W. Murphy,* and *George W. Sweet,* for Appellant.

*Henri J. Haskell, attorney general, John W. Tattan,* and *B. L. Powers,* for the state, Respondent.

PEMBERTON, C. J.—On the twenty-first day of May last, the appellant was convicted of the crime of murder in the first degree, in the district court of the tenth judicial district, in and for Choteau county, and was thereafter sentenced to be hanged. From the judgment and order of the court overruling appellant's motion for a new trial this appeal is prosecuted.

The appellant complains that the jury that tried him was not a proper or legal jury, for the reason, as shown by affidavit, that the district clerk did not act with and as one of the jury commissioners that selected the jury in this case, as required by law.    While it is true that the clerk of the district court is by law one of the five commissioners whose duty it is to select juries, yet section 12, page 168, of the Laws of 16th Session, provides that "the absence of one or two commissioners appointed under the provisions of this act shall not prevent a majority of said commissioners from selecting the juries and doing and performing all other acts directed and required to be done under the provisions of this law."    There is no showing or contention that appellant has been in any manner injured on this account.    There is no error or irregularity in this assignment of which the appellant can properly complain.    The

appellant complains that pending the trial, and while he was being examined as a witness, the judge abused his discretion by fining the appellant, and using language calculated to prejudice him with the jury.

The circumstances are substantially as follows: Counsel for the state, while the appellant was being cross-examined as a witness in his own behalf, asked the appellant a question— seemingly a proper question; appellant declined to answer, because, he said, the counsel had abused him; thereupon the court fined the appellant, and threatened to continue to do so until he answered. The court also admonished appellant that his failure to answer might prejudice him with the jury; told appellant that he was fair and impartial in the matter, and advised him to leave the witness-stand and consult his counsel, saying that he thought his own counsel would agree with the court that it would be best for appellant to answer the question. After consulting with his counsel appellant agreed to answer, and did answer, the question propounded to him. Thereupon the court remitted the fine it had imposed upon appellant. Of course these things all occurred in the presence of the jury. Before the jury retired, the court called their attention to these occurrences, and admonished them that they should not permit themselves to be prejudiced thereby—that they should determine the question of the guilt or innocence of the appellant solely from the evidence in the case.

The appellant contends that this admonition of the court was, in effect, an oral instruction, and therefore error. We do not think it was in any respect an instruction. It was simply an admonition to the jury not to permit themselves to be prejudiced by a matter that had taken place in their presence. While the court displayed some impatience and irascibility, doubtless provoked by the obstinancy of the appellant, still we are unable to discover any thing in the language or conduct of the court to authorize us in holding that the appellant was prejudiced or injured thereby.

The appellant contends that the court erred in permitting one Blanche Brandt to testify in rebuttal. It is contended that the testimony of this witness was not rebuttal. While the appellant was on the witness-stand he was asked by coun-

sel for the state, in substance, if he had not gone to the house of witness Blanche Brandt on Thursday or Friday before the Saturday night on which the deceased was killed, in company with the deceased and another, and if he did not, at that time and place, state to said witness, Blanche Brandt, that he had two Norwegian boys outside, who had just come from Illinois; that they had money, and that he wanted her to help him fix them by putting them to sleep, to get the money; and if she, Blanche Brandt, did not refuse to have any thing to do with the matter. The appellant denied all these things. The appellant testifies that he was at the house of Blanche Brandt about the first part of the month of March, in company with one Enger and one Johnson, but was never there in company with the deceased. After the close of defendant's evidence, Blanche Brandt testified that she knew the appellant well; that four or five days before she heard of the killing of the deceased the appellant came to her house with two other men; that the appellant came in and told her he had a good chance to make some money; that he had two fellows, lately from Norway, who had money—one, seven hundred dollars, and the other eleven hundred dollars; that he asked her for a spare room; that he wanted her to fix them—put them to sleep; that he asked her if she did n't know how; that she told him she knew nothing about it, and would have nothing to do with it; that thereupon appellant left. We think this evidence of Blanche Brandt was clearly rebuttal, and admissible as such. While she does not identify either of the persons with appellant as the deceased, yet her testimony does tend to contradict and rebut the evidence of the appellant that he was at her house only once in March, and that early in the month, in company with Enger and Johnson. The deceased was killed on the 31st of March, as the record shows, and the witness Blanche Brandt testifies that it was four or five days before she heard that the deceased had been killed, and she thinks on Friday that the appellant came to her house with the two men from Norway, and sought her aid in fixing and putting them to sleep in order to get their money. The court permitted appellant to offer evidence to explain and contradict the evidence of Blanche Brandt. The appellant testified, as above stated, that

it was in the early part of March that he was at her house with Enger and Johnson. Enger testified that he was at her house, but did not go in, some time in March (he did not know the time in March) with appellant and Johnson. It may be true that appellant Enger and Johnson were at the house of Blanche Brandt in the early part of March, but this does not prove that appellant, with deceased and another, were not there also four or five days before she heard that deceased had been killed on the thirty-first day of March. But whatever of conflict or contradiction there was in the testimony of these witnesses was a matter to be determined by the jury. We think, from any view, the evidence of the witness Blanche Brandt was properly admitted.

The record in this case is imperfect. The instructions of the court are not here. Nor is there any contention that the instructions were not fair to the appellant. There is only a small portion of the evidence in the record. But there is no complaint that the evidence, as a whole, does not warrant the verdict of the jury in this case. The errors assigned are purely technical, and without substantial merit. We are of the opinion that no error has been assigned, called to our attention, or discoverable in the record that would justify us in disturbing the result of the trial below, solemn and serious as the result may be to this unfortunate appellant. Judgment and order appealed from are affirmed. And it appearing that the appellant has been granted a respite by the executive of this state until the thirteenth day of July, 1894, pending the presentation and determination of this appeal, it is therefore ordered that the judgment of the court below be executed on that day in accordance with the provisions of section 377 of the Criminal Practice Act. *Remittitur* forthwith.

*Affirmed.*

HARWOOD and DE WITT, JJ., concur.